J-A15002-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                    :          PENNSYLVANIA
                    :
        v.             :
                    :
                    :
JAY WILLIAM BUTERBAUGH    :
                    :
       Appellant     :  No. 1554 MDA 2024

Appeal from the Judgment of Sentence Entered September 13, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0001154-2024

BEFORE:  BOWES, J., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:  **FILED JUNE 04, 2025**

Jay William Buterbaugh appeals *pro se* from the judgment of sentence of a $500 fine imposed after he was convicted of possession of marijuana. We dismiss this appeal.

We glean the following background from the certified record. On the evening of December 28, 2023, Exeter Township Police Officer Jacob Auman was dispatched to a Sheetz in Berks County on reports that a man in a white pickup truck appeared to be intoxicated. Officer Auman located the truck in a nearby parking lot and encountered Appellant pacing back and forth using his mobile phone. Upon engaging Appellant, the officer found him to be "all over the place," speaking rapidly, "waving his arms all around," and smacking his

_____

[*] Former Justice specially assigned to the Superior Court.

lips. *See* N.T. Trial, 9/13/24, at 17. Officer Auman asked Appellant if he had ingested any controlled substances, and he admitted to having consumed a THC gummy for which he had no prescription or Pennsylvania medical marijuana card. Appellant provided oral and written consent to search the truck and advised that there were more gummies in the vehicle. Officer Auman found a ten-count pack with one gummy remaining, prescribed not to Appellant but to "somebody from Maryland." *Id*. at 28.

Appellant was charged with the misdemeanor offense of possession of a small amount of marijuana for personal use. He elected to proceed to a non-jury trial and waive his right to counsel.[1] At trial, the Commonwealth produced Officer Auman to testify to the above facts, along with Erin Luck, a forensic scientist from the Pennsylvania State Police crime lab, who confirmed that the gummy recovered from Appellant's truck contained THC and marijuana. *Id*. at 15-20, 37-43.

Appellant testified in his defense, offering a narrative about how he had been minding his own business, bothering no one, when the police arrived, barraged him with questions, took his phone when he was trying to show them where he was going, and trashed his work truck during the search that produced the gummy that was legally purchased in Maryland. *Id*. at 49-51.

_____

[1] The court conducted a colloquy to confirm that Appellant's waiver was knowing and voluntary, and ordered that his public defender remain at trial as standby counsel.

Appellant concluded his testimony as follows: "I mean, is it illegal? I mean, West Virginia, Maryland, and the other three states have recreational cannabis legal. And there has been people died of fentanyl that buy cannabis on the street. So, ah, it just amazes me that it's that big of a crime down here, so."[2] *Id*. at 55.

The trial court found Appellant guilty, confirming that possession of a small amount of marijuana for personal use without a prescription is indeed a crime in Pennsylvania. Appellant proceeded immediately to sentencing at which the court imposed a fine of $500 and advised him of his post-sentence and appeal rights. Appellant did not file a motion for post-sentence relief but filed this timely appeal.[3]

_____

[2] When, on cross-examination, the Commonwealth asked how Appellant could have legally purchased the gummies prescribed to someone else, he answered: "I said it was legally bought. And anybody can go to Maryland and buy it. It's recreational. You can get it. As long as you are under (*sic*) [twenty-one] and have IDs, you can get it." N.T. Trial, 9/13/24, at 56.

[3] The trial court ordered Appellant to file a statement of matters complained of on appeal in accordance with Pa.R.A.P. 1925(b). Appellant filed no statement. In its Rule 1925(a) opinion, the trial court opined that Appellant thereby waived all of his appellate issues. However, our review of the certified record reveals that the docket noted service of the court's Rule 1925(b) order to the Commonwealth and Appellant's standby counsel, but not to Appellant, who was proceeding *pro se* at that point. Therefore, even if the order was in fact served upon Appellant, the waiver provision of Rule 1925(b)(4)(vii) is inapplicable. **See In re L.M**., 923 A.2d 505, 509 (Pa.Super. 2007) (indicating actual receipt of notice does not cure lack of proper docket notation); **Commonwealth v. Hart**, 911 A.2d 939, 940–41 (Pa.Super. 2006) (holding there was no Rule 1925(b) waiver where the docket noted service upon the defendant's former counsel but not upon the *pro se* defendant).

In this Court, Appellant, continuing to represent himself, filed a brief in which he purports to present two questions for our consideration: (1) "Whether the trial court erred in [j]urisdiction[;]" and (2) "Whether the evidence was collected in a legal manner and sufficient to support a guilty verdict?" Appellant's brief at 7. However, he offers the following statement of the scope and standard of review for those questions:

1. Finding new evidence, the illegal substance found was in a shared work vehicle, had a prescription label, and was written in another employee's name. Officer Jacob Auman testified to this as well as the lab expert, Erin Luck.

2. Finding new evidence, the 911 caller witnessed the police assaulting me and violating my civil rights.

3. Officer Jacob Auman testified under oath he never took my phone or dishonored me, which is false.

4. Of the four officers and two police cars, Officer Jacob Auman testified that not a single camera was working, per transcripts: page 30, lines 18-21.

*Id*. at 6.

Appellant's summary of the argument does not shed light on what issues he is raising, providing, in toto: "Having no jurisdiction, officers involved committed several civil rights violations. Their actions directly caused injuries, loss of wages for over a year, and tens of thousands of dollars in medical bills."[4] *Id*. at 8. While in the argument section of the brief Appellant provides

---

[4] We assume this relates to Appellant's testimony that, after the conclusion of his police interaction, he tripped in the parking lot on his untied shoelaces and "ripped [his] ACL and LCL plain off." N.T. Trial, 9/13/24, at 52.

citation to legal authorities, they relate mainly to federal criminal and civil rights statutes that have no bearing on his conviction or sentence for his admitted possession in Pennsylvania of a controlled substance for which he lacked a valid prescription. *Id*. at 9-10 n. 2-4. His challenge to jurisdiction is supported by a quote from a 1796 North Carolina decision. *Id*. at 9 n.1 (quoting Cruden's Ex'rs v. Neale, 2 N.C. 338, 338–39 (N.C. Super. L. & Eq. 1796) ("[Man] is not bound by any institutions formed by his fellow-men without his consent.")).

Appellant complains about Officer Auman supposedly taking his phone without permission, but did not file a suppression motion and does not explain how the phone related to the recovery of the contraband from his vehicle pursuant to the consent search that he does not challenge. He suggests that the evidence was insufficient to prove that he committed a crime, but he fails to address its elements or discuss why he did not have actual or constructive possession of the package of gummies, a piece of which he acknowledged having eaten before the police arrived. He references facts not in evidence concerning the police encounter and intimates that he is entitled to civil damages for lost wages as a result of injuries he sustained after the police left.

At bottom, Appellant's failure to comply with Pa.R.A.P. 2111(a)(3) (statement of the scope and standard of review) and Pa.R.A.P. 2119(e) (statement of place of raising or preservation of issues), or to provide

coherent, legally-supported challenges to his conviction or sentence, has left us with no clear indication what issues he is trying to advance, where he preserved them in the trial court, or what legal authority supports his claims for relief available on direct appeal from his criminal conviction.

It is well-settled that, "although this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit." **Commonwealth v. Tchirkow**, 160 A.3d 798, 804 (Pa.Super. 2017). "A *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." **Smithson v. Columbia Gas of PA/NiSource**, 264 A.3d 755, 760 (Pa.Super. 2021) (cleaned up).

Appellant's noncompliance with the Rules of Appellate Procedure has left this Court unable to conduct meaningful review. **See**, **e.g.**, **Commonwealth v. Gilliam**, 249 A.3d 257, 271 (Pa.Super. 2021) ("It is not the role of this Court to develop Appellant's argument."); **Butler v. Illes**, 747 A.2d 943, 944 (Pa.Super. 2000) ("When issues are not properly raised and developed in briefs, when briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." (cleaned up)); **Smathers v. Smathers**, 670 A.2d 1159 (Pa.Super. 1996) (disposing of appeal without reaching its merits where the appellant "failed to clearly identify, let alone develop, her issues for appeal"). Therefore, we dismiss this appeal without considering its merits. **See** Pa.R.A.P. 2101 ("[I]f the defects are in the brief

or reproduced record of the appellant and are substantial, the appeal or other matter may be . . . dismissed").

Appeal dismissed. Oral argument scheduled for June 17, 2025, is cancelled.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/04/2025